Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E : youssef@pricelawgroup.com
E : tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Raphael Austria*

## UNITED STATES DISTRICT COURT
## IN THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL AUSTRIA,<br><br>Plaintiff,<br><br>v.<br><br>FMS, INC. d/b/a FMS ASSET MANAGEMENT,<br><br>Defendant. | Case No.: 2:20-cv-08071<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.;*<br>3. CAL. CIV. CODE § 1788 *et seq.*; and<br>4. Intrusion Upon Seclusion |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Raphael Austria ("Plaintiff"), by and through his attorneys, alleges the following against Defendant FMS, Inc. d/b/a FMS Asset Management ("FMS" or "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

4. Count IV of Plaintiff's Complaint is based upon the Invasion of Privacy Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

5.  Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

6.  Jurisdiction of this court also arises under 28 U.S.C. § 1332 because (1) the matter in controversy exceeds the sum or value of $75,000.00 and (2) Plaintiff and Defendant are citizens of different States.

7.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

8.  Plaintiff is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

9.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

10. Plaintiff is a natural person residing in California.

11. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c) and 15 U.S.C. § 1692a(6).

12. Defendant is attempting to collect on a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).

13. Defendant is attempting to collect on a "debt" as defined by 15 U.S.C. § 1692(a)(5).

14. Defendant is an asset management company engaged in the business of debt collection. Defendant can be served through its registered agent, Corporation Service Company d/b/a in California as CSC – Lawyers Incorporating Service, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged debt from Plaintiff.

17. In or around April 2020, in an attempt to collect on an alleged consumer account, Defendant began contacting Plaintiff on his cellular phone number ending in 1359.

18. Defendant was calling Plaintiff primarily when he was at work.

19. On or about May 15, 2020, at approximately 1:11 p.m., Plaintiff called Defendant at (877) 847-1896.

20. During this conversation, Plaintiff spoke with a representative who indicated that Defendant was attempting to collect a debt.

21. Plaintiff apologized because he could not make a payment because he was struggling financially.

22. Plaintiff explained to the representative that Defendant's phone calls

have been coming in during his work hours.

23. Plaintiff informed Defendant that he works Monday through Friday, from 8am until 5pm.

24. Plaintiff requested that if Defendant needed to call him, it should him after 5pm.

25. Despite explaining his financial hardship and revoking consent to be contacted by telephone calls during his work hours, Defendant continued its assault of harassing automated debt collection calls to Plaintiff's cellular phone during his work hours.

26. Between April 10 and August 31, 2020, Defendant called Plaintiff on his cellular phone approximately forty (40) times.

27. Despite explaining his work hours and that any contact should be initiated after or before his work hours, the calls regularly came on the same days of the week and at approximately the same times of day.

28. This regularity, despite his request to be contacted in a different manner, strongly suggests that Defendant was using an automatic telephone dialing system when attempting to contact him.

29. All of the approximately forty (40) calls placed by Defendant to Plaintiff were placed during Plaintiff's work hours.

30. Defendant was aware and had knowledge of Plaintiff's work hours.

31. Defendant knew that it was inconvenient to call Plaintiff during his work hours because he expressly stated that any calls should be after his work hours.

32. Defendant's conduct was done willfully and knowingly.

33. Defendant was aware that Plaintiff had revoked consent to be called, and despite this, Defendant continued to place automated debt collection calls to Plaintiff's cellular phone.

34. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

35. The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

36. Further, the conduct was done with such frequency so as to harass Plaintiff.

37. Plaintiff's employer has been cutting overtime hours which has put a financial strain on Plaintiff.

38. The decrease in available overtime hours coupled with the high cost of living in California has caused Plaintiff to suffer from severe financial hardship.

39. Plaintiff attempted to explain his situation and his work hours to Defendant in an attempt to get the calls to stop while he was at work, however,

Defendant continued to lay siege on Plaintiff's cellular phone with automated debt collection calls only during his work hours.

40. Defendant acted maliciously and subjected Plaintiff to oppression.

41. Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights and fear.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227 *et seq.*)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to

      a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

      b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

44. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**(Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

- 8 -
COMPLAINT AND DEMAND FOR JURY TRIAL

    a. Defendant violated 15 U.S.C. § 1692(c)(a)(1) by communicating with a consumer in connection with the collection of a debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer; and

    b. Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    c. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

47. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
**(Violations of CAL. CIV. CODE § 1788 *et seq*.)**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(c)(a)(1) by communicating with a consumer in connection with the collection of a debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;

      ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

      iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or

- 10 -
COMPLAINT AND DEMAND FOR JURY TRIAL

        engaging Plaintiff in telephone conversations repeatedly; and

    iv.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt;

51. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

52. Defendant was aware of Plaintiff's financial situation, that it was calling him during his work hours, and that he requested to be called only after work hours. Despite this, Defendant continued to call Plaintiff during his work hours in an attempt to harass him to pay the debt.

53. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT IV
### (Intrusion Upon Seclusion)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the

other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

56. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's request for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiff by Defendant after Plaintiff's request for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work.

   d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

57. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

///

///

///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Raphael Austria, respectfully requests judgment be entered against Defendant FMS, Inc. d/b/a FMS Asset Management, for the following:

A. Statutory damages pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

B. Declaratory judgment that Defendant violated the FDCPA and RFDCPA;

C. Statutory damages pursuant to Cal. Civ. Code §1788.30(b) and 15 U.S.C. § 1692k;

D. Actual damages pursuant to Cal. Civ. Code §1788.30 and 15 U.S.C. § 1692k;

E. Costs and reasonable attorneys' fees pursuant to Cal. Civ. Code §1788.30(c) and 15 U.S.C. § 1692k(3);

F. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294;

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 3rd day of September 2020.

**PRICE LAW GROUP, APC**

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**Price Law Group, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Raphael Austria*